IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES C. WINDING, # K8115     PLAINTIFF

VERSUS     CIVIL ACTION NO. 4:12cv197-DPJ-FKB

KITCHEN MANAGER J. BRECKFIELD,
CORRECTIONAL OFFICER R.
WALLACE, ASSISTANT WARDEN F.
OVALLE, MTC, INC., COMMISSIONER
CHRISTOPHER EPPS, DEPUTY
COMMISSIONER E.L. SPARKMAN,
GENERAL COUNSEL LEONARD
VINCENT, MICHAEL WHITE, KEN
NORTH, and CORRECTIONAL OFFICER
C. MOORE     DEFENDANTS

## ORDER DENYING RECONSIDERATION

Before the Court is *pro se* Plaintiff James C. Winding's Motion to Arrest Judgment [9]. Winding is incarcerated with the Mississippi Department of Corrections. On March 20, 2013, the Court denied Winding permission to proceed *in forma pauperis* and dismissed this case without prejudice. Thirteen days later, he filed the instant motion asking for reconsideration. For the reasons set forth below, the motion is denied.

Mr. Winding filed his motion 13 days after judgment, which is within the time allowed for such motions under Rule 59(e). The Court therefore applies Rule 59(e) rather than Rule 60(b). *See Harrell v. Cain*, 12-31039, 2013 WL 1277098 (5th Cir. Mar. 28, 2013) (applying Rule 59(e) because motion to alter judgment was filed within Rule 59(e)'s 28 day deadline). To attain relief under Rule 59(e), a party must show: (1) an intervening change in controlling law; (2) new evidence that could not have been diligently discovered earlier; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Res. Grp.*,

*Inc.*, 342 F.3d 563, 567–68 (5th Cir. 2003).  Motions for reconsideration are not to be used to relitigate old matters or to present evidence that could have been raised prior to entry of judgment.  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).  "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  *Atkins v. Marathon Le Torneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Winding argues that being placed near a known enemy satisfies the imminent danger exception to the rule that a prisoner's privilege to proceed *in forma pauperis* is denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failure to state a claim.  *See* 28 U.S.C. § 1915(g).  The Complaint contained no such allegation; therefore, this point is irrelevant.  He fails to point to any error of law or fact in the Court's Order Denying *In Forma Pauperis* Status and of Dismissal Without Prejudice [7].  Winding presents no other basis under Rule 59(e) for reconsideration of the dismissal.  The motion is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the foregoing reasons, *pro se* Plaintiff James C. Winding's Motion to Arrest Judgment [9], which the Court construes as a motion for reconsideration, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12th day of April, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE